## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02129-MSK-NYW

BERNHARD ENGL, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

NATURAL GROCERS BY VITAMIN COTTAGE, INC., a Delaware corporation,
VITAMIN COTTAGE NATURAL FOOD MARKETS, INC., a Colorado corporation,

Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Nina Y. Wang

This case comes before the court on Defendants' Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion to Dismiss") [#18, filed November 5, 2015] and Plaintiff's Motion for Leave to File Amended Complaint in Lieu of a Response to Defendants' Motion to Dismiss ("Motion to Amend") [#38, filed December 11, 2015], which were referred to this Magistrate Judge pursuant to the Order of Reference dated November 9, 2015 [#28] and the memoranda dated November 9, 2015 [#30] and December 14, 2015 [#39]. Pursuant to 28 U.S.C. § 636(b)(1)(B), this court respectfully **RECOMMENDS** that the pending Motion to Dismiss and the Motion to Amend be **DENIED as MOOT**.

**BACKGROUND**

Plaintiff Bernhard Engl ("Plaintiff" or "Mr. Engl") initiated this action on September 25, 2015, with a "Class Action Complaint" alleging that Defendants had failed to secure and safeguard its customers' personal financial data, including credit and debit card information arising from a data breach on or about March 2, 2015. [#1]. Defendants Natural Grocers by Vitamin Cottage, Inc. and Vitamin Cottage Natural Food Markets, Inc. (collectively, "Defendants") then filed its Motion to Dismiss for lack of subject matter jurisdiction based on lack of standing, and failure to state a claim, because he failed to allege or show the existence of a contract or actionable damages. [#18]. Plaintiff then filed his Motion to Amend [#38], seeking leave from the court to file an Amended Complaint rather than responding to the Motion to Dismiss. In the Motion to Amend, Plaintiff represented that his counsel contacted Defendants' counsel on the day the Motion to Amend was filed to obtain Defendants' position on the Motion; however, at the time of filing, Plaintiff had not received a response from Defendants' counsel. [*Id.* at 2-3].

Because this court considered the meet and confer process associated with the Motion to Amend deficient and the Motion to Amend does not comply with Local Rule 15.1, which requires a party to submit as an exhibit a copy of the proposed amended pleading, this court issued a Minute Order on December 18, 2015, requiring the Parties to meet and confer verbally, either in person or on the telephone, regarding the proposed Amended Complaint and ordering Plaintiff to file, no later than December 30, 2015, a response to the Motion to Dismiss or a Motion for Leave to File an Amended Complaint that complied with Local Rule 15.1. [#41]. On December 18, 2015, Plaintiff filed an Amended Class Action Complaint, which was stricken by

this court for failure to comply with Rule 15.1. [#45]. Plaintiff then filed a Notice of Filing First Amended Class Action Complaint With the Consent of All Defendants and a First Amended Class Action Complaint on December 30, 2015. [#46, #47].

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits an amendment of a complaint that is not permitted as a matter of right with written consent of an opposing party. Fed. R. Civ. P. 15(a)(2). Plaintiff represents that Defendants have consented to the proposed Amended Complaint, with the express provision that "[b]y agreement, Defendants do not waive the right to move to dismiss Plaintiff's First Amended Class Action Complaint." [#46]. Defendants have not filed an opposition to either the Motion to Amend, or to the Notice of Filing. Because the First Amended Class Action Complaint is now the operative complaint in this case, *see Harper v. Receivables Performance Mgmt., LLC*, No. 12-CV-02443-PAB-KMT, 2013 WL 4510314, at *4 (D. Colo. Aug. 26, 2013), this court respectfully **RECOMMENDS** that:

(1)    Defendants' Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [#18] be **DENIED as MOOT**; and

(2)    Plaintiff's Motion for Leave to File Amended Complaint in Lieu of a Response to Defendants' Motion to Dismiss [#38] be **DENIED as MOOT.**[1]

---

[1] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections

DATED: January 4, 2016                     BY THE COURT:


                                           s/ Nina Y. Wang
                                           United States Magistrate Judge


---

may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).