# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-02129-MSK-NYW

BERNHARD ENGL, individually and on behalf of all others similarly situated,

     Plaintiff,

v.

NATURAL GROCERS BY VITAMIN COTTAGE, INC., a Delaware corporation, and
VITAMIN COTTAGE NATURAL FOOD MARKETS, INC., a Colorado corporation,

     Defendants.

---

## [PROPOSED] STIPULATED PROTECTIVE ORDER

---

     The parties to this Stipulated Protective Order (the "Order") have agreed to the terms of this Order; accordingly, it is ORDERED:

     1.    Scope. All materials produced or adduced in the course of discovery, including but not limited to, initial disclosures, responses to discovery requests, responses to subpoenas, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning "Confidential Information" as that term is defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

     2.    Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party that such party believes, in good faith <u>after review by counsel of record</u>, falls within one or more of the

following categories:  (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets (*i.e.*, any formula, pattern, device or compilation of information which is used in one's business, and which gives an opportunity to obtain an advantage over competitors who do not know or use such material); (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case.  Information or documents that are available to the public may not be designated as Confidential Information.

      3.     Designation.

      (a)     A party may designate a document as Confidential Information for protection under this Order by placing or affixing the word "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document either before or after entry of this Order. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not

required to be marked.

(b)     If a party elects to produce for inspection original documents, electronically stored information, or other material that cannot be marked Confidential ("Inspection Material"), the party may designate such Inspection Material under this Order by notifying the recipient(s), in writing, prior to or at the time of inspection. After selection by the inspecting party of specified Inspection Material for copying or other use in this action, the specified Inspection Material shall be designated by placing, if possible, the "CONFIDENTIAL" or substantially similar designation thereon.

(c)     The designation of a document as Confidential Information is a certification by an attorney or a party appearing *pro se* that the document contains Confidential Information as defined in this Order.

4.     Depositions. For a period beginning with the deposition date(s) of each individual deposition and ending thirty (30) days after the transcript for each such deposition is received by counsel, the deposition content and the entire deposition transcript shall be treated as Confidential unless otherwise expressly agreed to by the parties in writing. Any party wishing to designate any portion of the deposition transcript as being permanently subject to this Order shall do so either on the record during the deposition or in writing within thirty (30) days of receipt of the transcript. Any party so designating must identify the specific portions to be treated as Confidential either by identifying these portions on the record during the deposition, or by identifying specific lines and pages of the deposition transcript thereafter.

5.     Protection of Confidential Material.

(a)     General Protections.   Confidential Information shall not be used or

disclosed by the parties, counsel for the parties or any other persons identified in Subsection (b) of this Section 5 for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b)     Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in Subsection (i)-(ix) of Section 5(b) of this Order. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(i)     Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

(ii)     Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(iii)     Court Personnel. The Court and its personnel;

(iv)     Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(v)     Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(vi)     Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A to this Order;

(vii)     Witnesses at Depositions. Witnesses in any deposition or testimonial Court proceeding if the deponent has prior knowledge of the material or consent of the party designating the material or its counsel is obtained. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed

deposition testimony or exhibits to depositions that are designated as Confidential Information, during a deposition and pursuant to the process set out in this Order, must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(viii)   Author or Recipient. The author or recipient of the document (not including a person who received the document in the course of litigation);

(ix)   Others by Consent. Other persons only upon the execution of Attachment A to this Order, or upon order of the Court and on such conditions as may be agreed or ordered; and

(x)   Mediators. Any persons, and their personnel, selected by the parties or appointed by the Court to hold a mediation or settlement conference.

(c)   Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6.   Inadvertent Failure to Designate. An inadvertent failure to designate a document or material as Confidential Information does not, standing alone, waive the right to so designate the document at a later time. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to treat the document in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7.   No Waiver of Privilege. Pursuant and in addition to Rule 502 of the Federal Rules of Evidence, nothing herein constitutes or may be interpreted as a waiver by any party of

any applicable privilege or immunity, including, but not limited to, the attorney-client privilege, the work-product doctrine, the common-interest privilege, and the joint-defense privilege—nor shall the inadvertent production of privileged information be deemed a waiver of any applicable privilege or immunity concerning any such information or the subject matter thereof if a request for return of the information is made promptly after the producing party learns of its inadvertent production. Pursuant and in addition to Rule 26(b)(5)(B), upon written request by an inadvertently producing party, the receiving party shall return all copies of the document and not use the document or the information contained therein for any purpose until obtaining an appropriate order of the Court, even if the receiving party disagrees that a document containing the information is privileged.

8.     Filing of Confidential Information.   This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with D.C.Colo.LCivR 7.2.

9.     No Greater Protection of Specific Documents. No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless: (a) the party moves for an order providing such special protection; or (b) the information is subject to greater protections based on a specific privilege or doctrine, *e.g.*, the attorney client privilege, the work-product doctrine, the common interest doctrine, the accountant's privilege, *etc*.

10.    Challenges by a Party to Designation as Confidential Information. The designation of any material or document as Confidential Information is subject to challenge by

any party.  The following procedure shall apply to any such challenge:

(a)     Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) court days.

(b)     Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

11.     Action by the Court. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

12.     Use of Confidential Documents or Information at Trial. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing.   A party that intends to present or that anticipates that another party may present

Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

13.     Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

(a)     If a receiving party is served with a subpoena or an order that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to protect Confidential Information. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions authorizes or requires a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in Section 13 of this Order remain in effect while

the party has in its possession, custody or control Confidential Information by the other party to this case.

14.     Subpoenas Served on Third Parties. If a party to this action serves a non-party with a subpoena for documents or deposition testimony pursuant to this litigation, that party may provide the non-party with a copy of this Order. If the non-party executes Attachment A to this Order and thereby agrees to be bound by this Orders terms, the non-party may then designate documents and deposition testimony as Confidential Information pursuant to the terms of this Order and rely on the terms of this Order as if they were a party. Pursuant to Section 5(b)(ix) of this Order, no third party may receive or view information designated as "CONFIDENTIAL" pursuant to this Order unless the third party has executed Attachment A to this Order and, thereby, agreed to be bound by this Order's terms.

15.     Challenges by Members of the Public to Sealing Orders. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

16.     Obligations on Conclusion of Litigation.

        (a)     Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

        (b)     Obligations at Conclusion of Litigation. Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" under this Order, including copies as defined in

Section 3(a), shall be returned to the producing party unless: (i) the document has been offered into evidence or filed without restriction as to disclosure; (ii) the parties agree to destruction to the extent practicable in lieu of return; and/or (iii) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c)     Retention of Work Product and One Set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain: (i) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (ii) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d)     Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

(e)     The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

17.     Order Subject to Modification.  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

18.     No Prior Judicial Determination.   This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19.     Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**IT IS SO STIPULATED**, through Counsel of Record.


Dated: January 19, 2016                              **SIPRUT PC**


                                                     By: *s/ John S. Marrese*___

                                                     Joseph J. Siprut
                                                     John S. Marrese
                                                     **SIPRUT** PC
                                                     17 North State Street
                                                     Suite 1600
                                                     Chicago, Illinois  60602
                                                     Telephone: (312) 236-0000
                                                     FAX: (312) 400-8893
                                                     *jsiprut@siprut.com*
                                                     *jmarrese@siprut.com*

Michael Obernesser
**SIPRUT** PC
1756 South 8th Street
Colorado Springs, Colorado 80905
Telephone: (719) 635-7707
FAX: (719) 471-3188
*mobernesser@siprut.com*

**ABINGTON COLE + ELLERY**

Cornelius P. Dukelow
**ABINGTON COLE + ELLERY**
320 South Boston Avenue
Suite 1130
Tulsa, Oklahoma 74103
Telephone: (918) 588-3400
FAX: (918) 588-3400
*cdukelow@abingtonlaw.com*

* Admission Application To Be Submitted

**Attorneys For Plaintiff**

Dated: January 19, 2016                **HOLLAND & HART LLP**


By: *s/ Romaine Marshall*


Romaine Marshall
Engels Tejeda
**HOLLAND & HART LLP**
222 Main Street
Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5922
FAX: (801) 871-6139
*RCMarshall&hollandhart.com*
*EJTejeda@hollandhart.com*

-13-

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**

Melissa K. Ventrone
**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**
55 West Monroe Street
Suite 3800
Chicago, Illinois 60603
Telephone: (312) 821-6105
FAX: (312) 704-1522
*melissa.ventrone@wilsonelser.com*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: February 1, 2016                    s/ Nina Y. Wang

                                           Hon. Nina Y. Wang
                                           United States Magistrate Judge

## ATTACHMENT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-02129-MSK-NYW

BERNHARD ENGL, individually and on behalf of all others similarly situated,

      Plaintiff,

v.

NATURAL GROCERS BY VITAMIN COTTAGE, INC., a Delaware corporation, and
VITAMIN COTTAGE NATURAL FOOD MARKETS, INC., a Colorado corporation,

      Defendants.

---

## AGREEMENT TO BE BOUND
## BY STIPULATED PROTECTIVE ORDER

---

The undersigned hereby acknowledges that he/she: (a) has read the Stipulated Protective Order entered in the above-captioned action and attached hereto as Exhibit 1; (b) understands the terms thereof; and (c) agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Colorado in matters relating to the Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate him/her to use materials designated as Confidential Information in accordance with that Stipulated Protective Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, entity, firm or concern. The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

Printed Name: ___

**ATTACHMENT A**

Job Title: \_

Employer: \_

Business Address: \_

_____
Date

_____
Signature